

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 28, 1972

Mrs. Vera LaFoon
Acting Executive Director
Texas Cosmetology Commission
1111 Rio Grande
Austin, Texas    78701

Dear Mrs. LaFoon:

Opinion No. M- 1270

Re:  Whether barbers may work in
     beauty shops and whether
     beauty operators may work in
     barber shops, and related
     questions.

We have your request of November 7, 1972, regarding a number of questions involving the Barber Law and the Cosmetology Act.  For purposes of this opinion, some of your questions have been combined since the subject matter involved is contained in similar provisions of the pertinent statutes; and, for purposes of clarity, all questions have been rephrased.  The practice of barbering is governed by Article 734a, Vernon's Penal Code, otherwise known as the "Barber Law."  The practice of cosmetology is governed and regulated by Article 734c, Vernon's Penal Code, otherwise known as the "Cosmetology Act."

The practice of barbering is defined in Article 734a, Section 4 of the Barber Law and provides as follows:

"Sec. 4.  The practice of barbering is hereby defined to be the following practices when not done in the practice of medicine, surgery, osteopathy, or necessary treatments of healing the body by one authorized by law to do so; and when not done by a relative who cuts only the hair of those in his or her immediate family; and when done on living <u>male</u> persons.

"(A)  Shaving or trimming the beard.
"(1)  Cutting the hair;
"(2)  Styling or processing the hair of <u>males</u> only.
"(B)  By giving any of the following treatments by any person engaged in shaving or trimming the beard and/or cutting the hair.

-6231-

"(1)  Giving facial and scalp massages, or applications of oils, creams, lotions, or other preparations, either by hand or electrical appliances;

"(2)  Singeing, shampooing, or dyeing the hair of applying hair tonics;

"(3)  Applying cosmetic preparations, anti-septics, powders, oils, clays, or lotions to the scalp, face, neck or that part of the body above the shoulders.

"Provided, however, that nothing contained in this Act shall be construed to include those persons lawfully engaged in beauty culture, hairdressing or cosmetology as provided by law, when so engaged in giving treatments or applications to female persons only, but such persons shall not be permitted to shave, trim the beard, style, process, color or cut the hair of male persons except in accordance with the provisions and requirements of this Act relating to barbering."   (Emphasis added)

The practice of cosmetology is defined in Article 734c, Section 1(3) of the Cosmetology Act and provides as follows:

"(3)  'Cosmetology' means the beautifying treatment of a female's hair or skin, or nails of a male or female and includes the following practices:

"(A)  arranging, dressing, curling, waving, cleansing, singeing, bleaching, tinting, coloring, cutting, trimming, shaping, or straightening the hair by any method or means;

"(B)  massaging, cleansing, beautifying, or stimulating the scalp, face, neck, arms, bust, or upper portion of the body by the use of a cosmetic preparation, antiseptic, tonic, lotion or cream;

"(C)  removing superfluous hair from the body by use of depilatories or tweezers;

"(D)   manicuring; and

"(E)   servicing a wig or artificial hair-
piece either on a humanhead or on a block sub-
sequent to the initial retail sale and servicing
by any of the practices enumerated in Paragraph
(A) of this subsection.   (Emphasis added)

". . ."

The regulation of the occupations of barbering and cosme-
tology is necessary to the public health and is a proper sub-
ject for the exercise of the police power of the State.   Texas
State Board of Barber Examiners v. Beaumont Barber College, Inc.,
454 S.W.2d 729 (Tex.Sup. 1970).

However, the Barber Law and the Cosmetology Act, insofar
as either of same attempt to limit the practice of barbering
to males only and the practice of cosmetology to females only,
were held unconstitutional and in violation of the Fourteenth
Amendment of the United States Constitution by judgment entered
on January 26, 1972, by a three-judge panel in the United States
District Court for the Northern District of Texas at Dallas in
Civil Action No. CA-3-5298-B, Bolton, et al v. Texas Board of
Barber Examiners, et al, decision affirmed by U. S. Supreme Court
on October 10, 1972.   In essence, the net effect of such holding
is that females can get their hair cut and acquire other services
of barbering in a barber shop if they so desire; and, males can
get their hair cut, trimmed and shaped and acquire other services
of cosmetology in a beauty shop, if they so desire.

Neither the Barber Law nor the Cosmetology Act requires li-
censees thereunder to be of either sex.   In other words, while
most barbers are males and most hairdressers are females, it is
not uncommon today (and is quite legal) for females to be barbers
and males to be hairdressers.

I.

Your first and third questions ask whether a beauty operator
may work in or operate a barber shop, and, if so, to what extent?
We rephrase the questions as follows:

Can the holder of a license to practice cosme-
tology, as that term is defined in Article 734c,
Section 1(3), Vernon's Penal Code, perform cosmetology

services within or operate premises covered only by a barber shop permit as that term is defined by Article 734a, Section 3, Vernon's Penal Code?

The Cosmetology Act, Article 734c at Section 36, provides as follows:

"Sec. 36.   The establishment of itinerent shops is prohibited.  Any [Beauty Shop] license granted under this Act shall permit the licensee to practice <u>only</u> in an establishment licensed under this Act or an establishment licensed under Chapter 65, Acts of the 41st Legislature, 1st Called Session, 1929, as amended (Article 734a, Vernon's Texas Penal Code.)"

The Barber Law, Article 734a, at Section 24 provides in part, as follows:

"Sec. 24.   Each of the following offenses shall constitute a misdemeanor punishable upon conviction in a court of competent jurisdiction by a fine of not less than $25.00 nor more than $200.00.

". . .

"(B)  Permitting any person in one's employ, supervision or control to practice <u>as a barber</u> or as an assistant barber, unless that person has a current certificate of registration issued by the Board; . . ."   (Emphasis added)

As noted at the beginning of the opinion, some of the services of cosmetology and barbering overlap.  Therefore, a licensed hairdresser may practice cosmetology in a barber shop as is expressly provided in Article 734c, Section 36; and Article 734a, Section 24 of the Barber Law does not penalize the holder of a barber shop permit for employing a person, so long as that person is not practicing as a barber.

The issuance of a barber shop permit is regulated by Article 734a, Section 3.  The pertinent provisions with regard to the instant question are as follows:

"Sec. 3(A)  No person may own, operate, or manage a barber shop without a barber shop permit issued by the Board.

". . .

"(I)  No person may operate a barber shop unless the shop is at all times under the <u>general supervision and management</u> of a registered Class A barber."  (Emphasis added)

Accordingly, we find no restrictions in the barber law that would require the owner and/or operator thereof to be a licensed barber so long as the barber shop covered by the permit is supervised and managed by a duly registered Class A barber.

The holder of a license to practice cosmetology may render the services set out in the Cosmetology Act within premises covered by a barber shop permit; and, may own and operate a premises covered by a barber shop permit so long as such premises are at all times under the general supervision and management of a Class A barber.

## II.

Your second and fifth questions ask whether a barber can work in or operate a beauty shop, and, if so, to what extent?  We re-phrase the questions as follows:

"Is the holder of a license to perform barbering, as that term is defined in Article 734a, Section 4, Vernon's Penal Code, permitted to work in and/or operate a beauty shop covered only by a beauty shop license as that term is defined in Article 734c, Section 23, Vernon's Penal Code?"

Article 734a, Section 6, provides, in part, as follows:

"Sec. 6.  It shall be unlawful for any person to follow the occupation of cutting hair, or practice as a hair cutter in any beauty shop or hair dressing parlor or else-where for hire except hereinbefore provided unless excepted by this Act, unless such person shall have first obtained a certificate, as herein provided, which certificate shall authorize the cutting of hair <u>only</u> in such parlor or establishment where such hair cutting is for hire or reward.  . . ." (Emphasis added)

Article 734c, Section 12 provides, in part, as follows:

"Sec. 12   (b)   No person for compensa-
tion may conduct or operate a beauty shop,
beauty culture school, wig salon, wig school,
or any other place of business in which the
practice of cosmetology, as defined in Section
1, is taught or practiced without first ob-
taining a license."   (Emphasis added)

One of the services covered by both the Barber Law and the
Cosmetology Act is the cutting of hair.   Therefore, under the
decision in the Bolton case, supra, the cutting of hair may be
performed by either barbers or hairdressers upon either males or
females.   Under Section 6 of the Barber Law quoted above (Article
734a) a barber is permitted to cut hair in a beauty shop provided
he obtains a certificate from the Barber Board, which certificate
shall set out the premises covered thereby.

One who would maintain, conduct or operate a beauty shop must
obtain a beauty shop license as required by Section 12 and 23 of
Article 734c.   A barber who holds only a certificate from the Barber
Board under Section 6 of Article 734a may not conduct, operate or
maintain a beauty shop.   We do not hold that a barber who obtains
a beauty shop license may perform the services of a cosmetologist
unless he holds a license to practice cosmetology.

### III.

Your fourth question asks whether a barber may teach haircutting
in a beauty college?   We rephrase the question as follows:

"Is the holder of a license to perform
barbering, as that term is defined by Article
734a, Section 4, Vernon's Penal Code, permitted
to teach barbering services in a premises covered
only by a private beauty culture school license
as that term is defined in Article 734c, Section
22, Vernon's Penal Code?"

A licensed barber may not teach the cutting of hair in a private
beauty culture school unless he also holds an instructor's license
for cosmetology as provided for by Article 734c, Section 16, Ver-
non's Penal Code, which provides, in part, as follows:

"Sec. 16(b)  An applicant for an in-
structor's license must be at least 18 years
of age, have completed the 12th grade or its
equivalent, have a valid operator's license,
and have completed 1,000 hours in instruction
in cosmetology courses and methods of teaching
in a licensed private beauty culture school."
(Emphasis added)

We find no other provision in either the Cosmetology Act or
the Barber Law which would permit a licensed barber to teach the
limited service of haircutting unless he meets the requirements
set out in Article 734c, Section 16, namely, having a valid in-
structor's license in cosmetology.  See also Sec. 31(a) of Article
734c.

IV.

Your sixth question asks whether it is necessary for a person
to have a barber license to cut hair?  We rephrase the question
as follows:

"Does the license to perform cosmetology
as that term is defined by Article 734c(3),
Vernon's Penal Code, permit the holder thereof
to cut the hair of either males or females?"

As hereinbefore stated, those statutory provisions defining the
practice of cosmetology and the services of barbering both include
the cutting of hair; and, in view of the Bolton decision, supra,
either a licensed barber under Article 734a or a licensed cosmetologist
under Article 734c may cut the hair of either males or females.

V.

Your seventh and eighth questions inquire as to what type of
permit should be issued for a "unisex" shop and who should inspect
same?  We rephrase said questions as follows:

"Must both a beauty shop license as
provided for by Article 734c, Section 23,
Vernon's Penal Code, and a barber shop permit
as provided for by Article 734a, Section 3, Vernon's
Penal Code, be obtained for premises wherein
the practices of cosmetology and barbering
are both being performed?"

The provisions of the Barber Law and the Cosmetology Act defining the respective practices of each with regard to the treatment of hair are virtually synonymous in meaning; and, the holder of a license under either statute may cut, style, process, shampoo, color, singe and perform those services necessary to groom the hair of either sex. Likewise, facial and scalp massages and the applying of creams, lotions, tonics, antiseptics, etc. to the scalp, face, neck and shoulders are permitted under either law. However, only a licensed barber may perform the services of shaving and trimming the beard; and, only a cosmetologist may remove superfluous hair by the use of depilatories or tweezers, or massage the arms and busts.

Accordingly, if services of shaving or trimming the beard are being performed, the premises must be covered by a barber shop permit. If the services of hair removal by the use of depilatories or tweezers or the massaging of the arms and busts are being performed, the premises must be covered by a permit issued under the Cosmetology Act. Otherwise, for those services regarding the cutting and grooming of the hair, and facial and scalp massages, a premises covered by a permit or license issued under either statute would be adequate.

Article 734a, Section 28, grants the Board of Barber Examiners authority to inspect premises covered by a barber permit; and Article 734c, Section 33 of the Cosmetology Act authorizes the Commissioner of Cosmetology or his inspector to inspect all premises of licenses covered thereunder. Accordingly, if the premises is covered by only a barber permit, same would be subject to inspection under the Barber Law. Likewise, if the premises is covered only by a cosmetology license, such premises would be subject to inspection under the Cosmetology Act.

However, if the services of shaving or trimming the beard are being performed on or at a premises wherein the removal of hair by the use of depilatories or tweezers or the massaging of busts and arms are being performed, a permit from both the Barber Board and Cosmetology Commission must be obtained and such premises would accordingly be subject to inspection under the provisions of each law as therein provided. Attorney General's Opinion No. C-532 (1965) is overruled and superseded by this opinion.

### S U M M A R Y

All of those services necessary for or incidental to the grooming of the hair, together with facial

and scalp massage, may be performed by either a barber or a hairdresser on either males or females, including the cutting of hair.

A beauty operator may perform services of cosmetology in a barber shop. A beauty operator may operate a barber shop if it is at all times under the general supervision and management of a Class A barber.

A barber may cut hair in a beauty shop if he has obtained a certificate therefor covering the premises specified; but may not operate a beauty shop without a license to practice cosmetology.

A barber may not teach the cutting of hair in a beauty cultural school without obtaining an instructor's license in cosmetology.

If the barbering services of shaving or trimming the beard are being performed in or at a premises wherein the cosmetology services of hair removal by the use of depilatories or tweezers or the massage of busts and arms are being performed, such premises must be covered by permits or licenses from both the Barber Board and Cosmetology Commission and is subject to inspection by both.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Campbell
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Melvin Corley
Dan Green
Harriet Burke
John Banks

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE .
First Assistant